FILED
OCT 22 2015
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH MICHAEL LADEAIROUS, :
:
Plaintiff, :
:
v. : Civ. No. 15-0954 (UNA)
:
LORETTA LYNCH, et al., :
:
Defendants. :

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's motion to proceed *in forma pauperis*. For the reasons discussed below, the motion will be denied.

Generally, a prisoner plaintiff is required to pay a filing fee in full. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), "[a] prisoner who qualifies for [*in forma pauperis*] status . . . need not pay the full filing fee at the time he brings suit," and instead he is allowed to "pay the filing fee in installments over time." *Asemani v. U.S. Citizenship & Immigration Servs.*, __ F.3d __, __, 2015 WL 4666418, at *1 (D.C. Cir. Aug. 7, 2015) (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)); *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

1

Plaintiff has accumulated three strikes. *See Ladeairous v. Goldsmith*, No. 3:13-cv-673, 2015 WL 1787297 (E.D. Va. Apr. 15, 2015) (dismissing complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A), *aff'd*, 610 F. App'x 315 (4th Cir. 2015) (per curiam); *Ladeairous v. Attorney General of the State of New York*, No. 9:14-cv-0250 (N.D.N.Y. July 8, 2014) (dismissing complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)), *aff'd*, 592 F. App'x 47 (2d Cir. 2015), *petition for cert. filed*, __ U.S.L.W. __ (U.S. July 21, 2015) (No. 15-5293); *Ladeairous v. Pearson*, No. 3:12-cv-307, 2013 WL 5962932 (E.D. Va. Nov. 6, 2013) (dismissing complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A), *aff'd*, 553 F. App'x 298 (4th Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 117 (2014). Under these circumstances, plaintiff may proceed *in forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court "asses[es] the alleged danger at the time [the plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true." *Id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). Here, plaintiff's allegations of physical injury arise from conditions of confinement between 2000 and 2005 while in the custody of the New York State Department of Corrections, *see* Compl. ¶ 10, while otherwise detained in New York in 2008, *see id.* ¶ 11, and while in the custody of the Virginia Department of Corrections in 2010, *see id.* ¶ 12. None of these allegations show that plaintiff now is in imminent danger of serious physical injury, and therefore plaintiff does not qualify for the imminent danger exception. If plaintiff wishes to pursue his claims, he may do so by filing a new civil action and by paying the filing fee in full. An Order is issued separately.

DATE: 10/16/15

/s/ _____
United States District Judge